**FRIEDMAN, Plaintiff-Appellee, v. EAST LIVERPOOL (City), Defendant-Appellant.**

Ohio Appeals, Seventh District, Columbiana County.

No. 682. Decided December 9, 1950.

250

Tobin & Tobin, East Liverpool, for plaintiff-appellee.
John B. McDonald, Jr., City Sol., East Liverpool, for defendant-appellant.

## OPINION

By PHILLIPS, PJ.

In this opinion the parties to this appeal will be called plaintiff and defendant.

A jury in the court of common pleas returned a verdict for plaintiff, upon which the trial judge subsequently duly entered judgment, in her action filed therein against defendant, a municipal corporation, to recover damages for personal injuries sustained when she fell, during daylight, upon a sidewalk situated in front of premises known for street numbering purposes as 217-219 South Market Street, a duly dedicated street in defendant corporation, which fall allegedly was caused by defendant's negligence in failing to keep such sidewalk in repair and free from nuisance.

Plaintiff testified that she had visited her sister's home once each week over a period of four years; that her sister's home was situated adjacent to the sidewalk upon which she fell, but that she had never crossed that sidewalk before she fell upon it; that a portion of that sidewalk was in disrepair; that there was a break in it, which she had seen; that she "knew it was there"; that she took a short-cut across such sidewalk to reach the steps of her sister's home, and "unconsciously I passed and stepped on the edge, stepped into it and fell"; "I fell on the broken sidewalk and it just crumbled to pieces under my feet and threw me over on the left side."

No person testified to seeing plaintiff fall. Accordingly there is no conflict with plaintiff's testimony on that question.

The question presented for our consideration and determination by defendant's appeal on questions of law is whether, as a matter of law, plaintiff contributed to her own injuries and thus barred herself from recovery against defendant.

We have read the reasonably voluminous bill of exceptions submitted to us for review, and conclude that upon plaintiff's uncontradicted testimony, and the rule announced

in the case of **Winkler, Appellee, v. City of Columbus, Appellant, 149 Oh St 39,** and authorities cited therein, the court erred to defendant's prejudice in failing to sustain its motion for a verdict to be directed in its favor made at the conclusion of all the evidence, and in failing to do that to sustain its motion for judgment to be entered in its favor notwithstanding the verdict of the jury returned against it.

The judgment of the court of common pleas is reversed for the reasons stated herein, and coming now to render the judgment which that court should have rendered final judgment is entered for defendant.

NICHOLS, J, GRIFFITH, J, concur in judgment.